UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VIRGIL REED,

           Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

           Defendant.

CASE NO. C16-01559BHS

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 41 at application date

Principal Disabilities Alleged by Plaintiff: Learning disorder, dyslexia, depression, anxiety, personality disorder, hearing and vision loss, carpal tunnel syndrome, and ankle, back, and hip pain

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Court directs the clerk to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

Disability Allegedly Began: July 11, 2012

Principal Previous Work Experience: Bartender, cook, truck driver, and forklift operator

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Glenn G. Meyers:

    Date of Hearing: April 14, 2015; hearing transcript AR 37-83

    Date of Decision: June 24, 2015

    Appears in Record at: AR 13-36

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since July 11, 2012, the amended alleged onset date. The claimant has the following severe impairments: carpal tunnel syndrome, history of lumbar degenerative disc disease, depressive disorder, anxiety disorder, attention deficit disorder/attention deficit hyperactivity disorder, and substance abuse in remission. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

        The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he can engage in unskilled, routine, repetitive work. He frequently can use hands to finger, feel, push, pull, can have no contact with the public, can work in close proximity to but not in coordination with coworkers, and can be off task at work ten percent of the time but would still meet minimum production requirements.

        The claimant is unable to perform any past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2009, through the date of the decision.

Before Appeals Council:

    Date of Decision: August 24, 2016

    Appears in Record at: AR 1-6

    Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Virgil Reed ("Reed"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing the medical evidence in the record?
2. Did the ALJ err in assessing the lay witness testimony in the record?
3. Did the ALJ err in determining that Reed could perform other work at step five?

# VII. DISCUSSION

Reed appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 9. The Court addresses the alleged errors in turn.

**A.  Medical Evidence**

Reed argues that the ALJ erred in evaluating the medical evidence in the record. *See id*. at 3-14. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

**1.  Anselm Parlatore, M.D.**

Reed argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychiatrist Anselm Parlatore, M.D. *See* Dkt. 9 at 3-7. The Court agrees.

Dr. Parlatore examined Reed in June of 2013 and diagnosed him with academic learning disorder, depression, anxiety, polysubstance abuse, and personality disorder not otherwise specified.  *See* AR 423.  Dr. Parlatore opined that Reed had severe limitations in his ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, set realistic goals and plan independently, and complete a normal workday or workweek without interruptions from psychologically-based symptoms.  *See* AR 424.  Dr. Parlatore opined that Reed had several marked cognitive and social limitations as well.  *See id*.  The ALJ gave Dr. Parlatore's opinion little weight because it was "not consistent with the objective evidence of record."  *See* AR 28.

However, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).  As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

Furthermore, the one page in the medical record cited by the ALJ as evidence of the

1  inconsistency between Dr. Parlatore's opinion and the objective evidence does not appear
2  to establish any inconsistency.  *See* AR 28, 605.
3        The ALJ also noted that if Reed "had an actual [Global Assessment of Functioning
4  ("GAF") score] of 47, he would be unable to do the daily activities he described at the
5  hearing."  AR 28.  A GAF score is a "rough estimate of an individual's psychological,
6  social, and occupational functioning used to reflect the individual's need for treatment."
7  *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  Therefore, the ALJ's reason
8  for discounting the GAF score is not sufficient to discount the specific workplace
9  limitations to which Dr. Parlatore opined after reviewing medical records and performing
10 a clinical interview and a mental status examination.  *See* AR 422-26.  The ALJ erred by
11 failing to provide a specific and legitimate reason supported by substantial evidence for
12 giving little weight to Dr. Parlatore's opinion regarding Reed's workplace functioning.
13       The Ninth Circuit has "recognized that harmless error principles apply in the
14 Social Security Act context."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)
15 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)
16 (collecting cases)).  The Ninth Circuit noted that "in each case we look at the record as a
17 whole to determine [if] the error alters the outcome of the case."  *Id*.  The Ninth Circuit
18 has "adhered to the general principle that an ALJ's error is harmless where it is
19 'inconsequential to the ultimate nondisability determination.'"  *Id*. (quoting *Carmickle v.*
20 *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations
21 omitted).  The court noted the necessity to follow the rule that courts must review cases
22

1 | "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118

2 | (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

3 |       Had the ALJ fully credited Dr. Parlatore's opinion, the RFC would have included

4 | additional limitations, as would the hypothetical questions posed to the vocational expert.

5 | As the ALJ's ultimate determination regarding disability was based on the testimony of

6 | the vocational expert on the basis of an improper hypothetical question, this error affected

7 | the ultimate disability determination and is not harmless.

8 |       **2.**     **Luci Carstens, Ph.D.**

9 |       Reed argues that the ALJ erred by failing to give a specific and legitimate reason

10 | supported by substantial evidence to discount the opinion of state agency psychological

11 | consultant Luci Carstens, Ph.D. *See* Dkt. 9 at 7-8.  The Court agrees.

12 |       Dr. Carstens reviewed the medical evidence in June of 2013 and opined that Reed

13 | had severe limitations in his ability to communicate and perform effectively in a work

14 | setting, maintain appropriate behavior in a work setting, set realistic goals and plan

15 | independently, and complete a normal workday or workweek without interruptions from

16 | psychologically-based symptoms.  *See* AR 502.  Dr. Carstens opined that Reed had

17 | several marked cognitive and social limitations as well.  *See id*.  The ALJ gave Dr.

18 | Carstens's opinion little weight because it was "not consistent with the objective

19 | evidence" and because Dr. Carstens gave too much weight to the examining physicians'

20 | opinions.  *See* AR 27.

21 |       As he did with Dr. Parlatore's opinion, the ALJ erred here by failing to offer any

22 | more than his conclusions.  *See Embrey*, 849 F.2d at 421-22.  The ALJ did not achieve

1  the level of specificity required and should reevaluate Dr. Carstens's opinion on remand.

2  *See id*.

### 3. Nicole C. Winters, Psy.D.

Reed argues that the ALJ erred by failing to give a sufficient reason to discount or to fully incorporate the opinion of examining psychologist Nicole C. Winters, Psy.D. *See* Dkt. 9 at 8-10. The Court agrees.

Dr. Winters examined Reed in September of 2013 opined that Reed would need supervision and coaching for complex tasks, would have difficulty working with supervisors, coworkers, and the public, would not do well with changes in the workplace, and should be provided with written instructions and examples whenever possible. *See* AR 441. The ALJ gave Dr. Winters's opinion moderate weight to the extent it was consistent with the RFC, finding that the opinion was mostly consistent with the objective evidence. *See* AR 28. The ALJ gave no reason to discount any workplace functions not incorporated into the RFC.[2] *See id*. While the RFC included limitations to unskilled, routine work and to little contact with the public and coworkers, it did not accommodate difficulty working with supervisors or needing written instructions. *See* AR 21. Therefore, the ALJ erred in his evaluation of Dr. Winters' opinion as well.

---

[2] The ALJ again found that a low GAF score was inconsistent with Reed's activities but otherwise gave no reasons to discount the specific workplace limitations to which Dr. Winters opined. *See* AR 28.

### 4.     Michael Brown, Ph.D., and Edward Beatty, Ph.D.

Reed argues that the ALJ erred by failing to give a sufficient reason to discount or to fully incorporate the opinions of state agency psychological consultants Michael Brown, Ph.D., and Edward Beatty, Ph.D.  *See* Dkt. 9 at 10-11.  The Court agrees.

Dr. Brown opined, and Dr. Beatty concurred, that Reed would have several cognitive and social limitations, including a moderate limitation in his ability to accept instructions and respond appropriately to supervisors and a need for written instructions.  *See* AR 96, 147.  The ALJ gave these opinions some weight, incorporating cognitive limitations into the RFC, but failing to give any reason not to accommodate difficulty working with supervisors or needing written instructions.  *See* AR 21, 26.  The ALJ cites Reed's daily activities and the objective evidence generally as reasons not to find that Reed's mental impairments combined to meet a listing at step three of the sequential evaluation process.  *See* AR 26.  However, the ALJ gives no reason why certain specific workplace limitations to which the consultants opined were not incorporated into the RFC.  *See id.*  Therefore, the ALJ should reevaluate these opinions on remand as well.

### 5.     Susan Hakeman, M.D.

Reed argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychiatrist Susan Hakeman, M.D.  *See* Dkt. 9 at 11-14.  The Court disagrees.

Dr. Hakeman examined Reed in April of 2015 and opined that Reed had several severe limitations in both cognitive and social workplace functions.  *See* AR 659.  The ALJ gave Dr. Hakeman's opinion little weight because it was "markedly inconsistent"

with the examination findings, which were largely normal. *See* AR 28. An ALJ need not accept a physician's opinion if that opinion is inadequately supported by the physician's clinical findings. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, Dr. Hakeman failed to identify any specific symptoms she observed or comment on their severity and frequency. *See* AR 658. Dr. Hakeman performed a mental status examination, but the results were almost entirely within the normal ranges. *See* AR 660. Therefore, substantial evidence supports the ALJ discounting the severe limitations to which Dr. Hakeman opined because they were inconsistent with the clinical findings.

**B.     Lay Witness Evidence**

Reed argues that the ALJ erred in evaluating the lay witness testimony of his mother Linda Reed. *See* Dkt. 9 at 14-16. The Court agrees.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053. If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Nguyen*, 100 F.3d at 1467.

Here, the ALJ discounted Ms. Reed's testimony because of its "inconsistency with the objective medical evidence and medical opinions of record."[3] *See* AR 28. An ALJ may not reject lay witness evidence merely because it is not supported by the medical

---

[3] The ALJ also discounted Ms. Reed's testimony due to her lack of medical training and because she was not a disinterested party, but the Commissioner concedes that these reasons were in error. *See* Dkt. 10 at 10.

evidence in the record. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). The Ninth Circuit has previously held that "[o]ne reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, the ALJ's dismissal of the lay witness testimony in this case is more analogous to *Bruce*, in which the ALJ did not point to any specific conflicting evidence, than to *Lewis*, in which the ALJ selected specific testimony that was in conflict with pieces of the medical record. *See Bruce*, 557 F.3d at 1116; *Lewis*, 236 F.3d at 511. Considering that the ALJ also noted Ms. Reed's lack of medical training, the ALJ appears to have, as in *Bruce*, improperly discounted in general the value of lay testimony in comparison to objective medical evidence. *See* AR 28. In doing so, the ALJ erred here.

**C.     The RFC and Step-Five Finding**

Reed argues that the ALJ's RFC assessment and step-five finding are not supported by substantial evidence due to the aforementioned errors. *See* Dkt. 9 at 16-17. As discussed above, because the ALJ erred in assessing the medical evidence and the lay testimony, the RFC analysis was not complete, and the ALJ's step-five determination is not supported by substantial evidence and is in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful

employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the medical evidence over Reed's functional capabilities and his ability to perform work despite any additional functional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VIII.  ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Reed disability benefits is **REVERSED AND REMANDED**.

Dated this 15th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge